# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHERYL MOULTON, individually and on behalf of all others similarly situated, | 3:08-cv-00176-BES-VPC |
| Plaintiffs, | **ORDER** |
| v. | |
| EUGENE BURGER MANAGEMENT CORPORATION, a California Corporation; EUGENE J. BURGER; KEVIN BERG; KAREN BRIGG; PHIL FRINK & ASSOCIATES, INC.; PHILLIP E. FRINK; GAYLE A. KERN, LTD; GAYLE A. KERN; ULLA CHRISTENSEN, both as individual and Lakeside Plaza Board Director; DANIEL JOSEPH, both as individual and Lakeside Plaza Board Director; FRANK A. PERAU, both as individual and Lakeside Plaza Board Director; RICH SVIHLA, both as individual and Lakeside Plaza Board Director; LAKESIDE PLAZA CONDOMINIUM ASSOCIATION; and DOES 1-500, | |
| Defendants. | |

Currently before the Court is a Motion to Dismiss (#78) filed by Defendants Eugene Burger Management Corporation ("EBMC") and Eugene Burger ("Burger") on March 14, 2008. Plaintiff Sheryl Moulton ("Plaintiff") filed an Opposition to Defendants' Eugene Burger Management Corporation's and Eugene J. Burger's Motion to Dismiss (#79) on March 21, 2008. EBMC and Burger filed a Reply (#84) on April 4, 2008.

## BACKGROUND

This case involves claims brought by Plaintiff based on an alleged "illegal" assessment imposed at the Lakeside Plaza Condominium Complex where Plaintiff owns a condominium.

1. (Complaint (#1) case 5:07-cv-5861 at 5).  According to Plaintiff, this assessment violated the Covenants, Conditions and Restrictions ("CC&Rs") of the Lakeside Plaza Condominium Association ("Association") and led to the illegal attempted foreclosure of her home. (Opposition (#79) at 2).  Plaintiff claims that the Association's CC&Rs required that the assessment imposed in this case be based on a homeowner's vote.  However, according to Plaintiff, no vote was taken, and, as a result, the assessment was illegal and fraudulent.  Id. In addition, Plaintiff alleges that the assessment "was unequally enforced on her" and was done "in retaliation for Plaintiff's request for financial accountability."  Id.

As a result of the alleged illegal assessment, Plaintiff filed suit in federal court against various defendants including EBMC and Burger.  According to Plaintiff, she brought the case "to compel Defendants to comply with the CC&Rs, and submit the Special Assessment to a homeowner vote."  (Complaint (#1) case 5:07-cv-5861 at 8).  Plaintiff's Complaint alleges twenty-eight claims for relief.  Of those claims, two involve federal law.  Specifically, Plaintiff has made claims for alleged violations of the Fair Debt Collection Practices Act and the Racketeering Influenced Corrupt Organization Act.

On March 14, 2008, EBMC and Burger filed the current Motion to Dismiss (#78).  This motion seeks an order dismissing the claims against Burger because he was not properly served with the Summons and Complaint, and an order dismissing the case against Burger and EBMC because Plaintiff's Complaint fails to state a claim for relief pursuant to Rule 12(b)(6).  In addition, Burger moves the Court for an order striking the allegations in Plaintiff's Complaint "related to an alleged dismissed indictment" pursuant to Rule 12(f).

**ANALYSIS**

**I.  Service of Process**

Burger first moves, pursuant to Rule 12(b)(5), for dismissal based on insufficiency of service of process.  (Motion to Dismiss (#78) at 6).  According to Burger, Plaintiff's service of process failed to comply with either federal law or California law because he was not personally served with process.  Id.  In response, Plaintiff concedes that she did not personally serve Burger, but alleges that she complied with California law by serving Burger at his place

of business because of the "huge financial burden" of attempting to determine which piece of real estate owned by Burger was his personal physical residence. (Opposition (#79) at 6).

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly." Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Federal Rule of Civil Procedure 4 governs service of process in a federal action. That rule provides two specific means to accomplish effective service of process. According to that rule, an individual may be served by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). In addition, an individual may be served by "delivering a copy of the summons and complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

At the time service was attempted on Burger, the case was pending in the United States District Court for the Northern District of California San Jose Division. In addition, service was attempted in California. As a result, Plaintiff could effect service of process under Rule 4 by following California law. In California, service of process on a non-entity natural person is governed by California Code of Civil Procedure section 415.20(b).[1] According to that section:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in . . . Section 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business . . . in the presence of a competent member of the household or a person apparently in charge of his or her office [or] place of business . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

According to the judicial comments attached to that section, when the defendant is a natural person, personal delivery to the person to be served must first be attempted before substitute

---

[1] Plaintiff argues that she properly served Burger by complying with Cal.C.C.P. § 415.20(a). However, that provision only applies to corporations, dissolved corporations, joint stock companies, unincorporated associations, and public entities. See Cal.C.C.P. §416.10 et seq.

1  service can be effective.  Judicial Council Comment to Cal.C.C.P. § 415.20, subd. (b).
2  Moreover, in construing the statute, California courts have held that this provision shows a
3  "conscious, deliberate election" by the California Legislature "that personal service be effected
4  whenever it can be accomplished through the exercise of reasonable diligence."  Evartt v.
5  Superior Court, 152 Cal.Rptr. 836, 838 (Cal.Ct.App. 1979).  "Thus the Legislature showed a
6  knowing preference for personal service as a means which would more certainly assure actual
7  notice to the defendant."  Id.  As a result, California law holds that the reasonable diligence
8  standard to effect personal service of process "must be strictly complied with in order for
9  jurisdiction over the person to be established by substitute means."  Id.  In defining what
10 constitutes "reasonable diligence," California has held that "[o]rdinarily . . . two or three
11 attempts at personal service at a proper place should fully satisfy the requirement of
12 reasonable diligence and allow substituted service to be made."  Bein v. Brechtel-Jochim
13 Group, Inc., 8 Cal.Rptr.2d 351, 353 (Cal.Ct.App. 1992)(internal quotations and citations
14 omitted).  Thus, substitute service is proper where a "process server made three separate
15 attempts to serve" a natural person at a residence.  Id.

16      In this case, Plaintiff concedes that she did not effect personal service of process on
17 Burger. Rather, she states that she "used all her limited financial means" to locate Burger, "but
18 found numerous real estate properties" owned by him.  (Opposition (#79) at 6).  According to
19 Plaintiff, "[t]o hire a process server to physically travel to all of Defendant Burger's addresses
20 would have posed a huge financial burden for Plaintiff."  Id.  Therefore, according to Plaintiff,
21 she "used reasonable diligence in serving Defendant Burger at his business headquarters."
22 Id.

23      Despite Plaintiff's arguments to the contrary, neither federal law nor California law
24 provide a financial burden exception to the rules requiring proper service of process. As a
25 result, the Court finds that Plaintiff did not exercise reasonable diligence in attempting to serve
26 Burger because she did not attempt to effect personal service of process on him. Moreover,
27 ///
28

by failing to exercise reasonable diligence to personally serve Burger, Plaintiff's attempted service on Burger at his place of business failed to satisfy California law and was thus improper.

When a defendant has not been properly served, the court has discretion to dismiss the action without prejudice or retain the action and quash the service of process. See Haley v. Simmons, 529 F.2d 78, 79 (8th Cir. 1976). Since dismissal would lead the plaintiff to reinstate the suit, courts generally are reluctant to dismiss an action where there is a possibility that effective service will be completed. See Wright & Miller, Federal Practice and Procedure, Civil 3d § 1354 (2008). Because there is a possibility that effective service will be completed on Burger, the Court will not dismiss this action. Rather, Plaintiff's attempted service on Burger is quashed and Plaintiff is required to effect service of process on Burger in compliance with the governing rules of procedure.

**II.     Racketeer Influenced and Corrupt Organizations Act Claims**

Burger and EBMC seek dismissal of Plaintiff's Racketeer Influenced and Corrupt Organzations Act ("RICO") claims because Plaintiff has allegedly failed to properly plead a claim under that statute. Specifically, Burger and EBMC state that Plaintiff cannot allege a RICO claim because she "has brought the instant civil litigation based on civil causes of action, and then has included the criminal racketeering claim as part of this civil matter." (Reply (#84) at 5). According to Burger and EBMC, "Title 18 of the United States Code involves crimes and criminal procedure, not civil causes of action." Id. In the alternative, Burger and EBMC state that if Plaintiff's civil RICO claim is allowed to stand, "Plaintiff must be ordered to plead with specificity each and every element of her RICO claim," as required by Rule 9(b). (Motion to Dismiss (#78) at 7). In response, Plaintiff requests that "this Court grant her leave to amend her complaint" to add RICO violations. (Opposition (#79) at 7). According to Plaintiff, her case has merit based on Burger's alleged "previous indictments" and also other cases pending against Lakeside Plaza Condominium Association and EBMC. Id. at 8-9.

18 U.S.C. § 1964(c) provides for civil RICO claims. According to that provision, "[a]ny person injured in his business or property by reason of violation of section 1962 of this chapter

5

may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit." As a result, Burger and EBMC's argument that Plaintiff cannot bring a civil RICO claim is without merit. Plaintiff is entitled to bring a civil RICO claim pursuant to 18 U.S.C. § 1964(c) for violations of any prohibited activities listed in 18 U.S.C. § 1962.

The Ninth Circuit has recognized that the heightened pleading standards applicable to fraud claims under Rule 9(b) apply to a RICO action alleging predicate acts of fraud. Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991). Rule 9(b) requires that the circumstances constituting fraud be stated with particularity. Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1399 (9th Cir. 1986)(internal quotations omitted). "Rule 9(b) 'requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Id. (quoting Bosse v. Crowell Collier & MacMillian, 565 F.2d 602, 611 (9th Cir. 1977)). According to the Ninth Circuit, pursuant to Rule 9(b) "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Id.

Plaintiff's Complaint lists three claims for relief based on RICO. (Complaint (#1) case 5:07-cv-5861 at 20-21). The allegations of her RICO claims state that Burger "was previously indicted for theft from a program receiving federal funds, aiding and abetting, money-laundering, violating the Anti-Kickback Act of 1986 and obstruction of justice." Id. Plaintiff also asserts that "Defendants used United States Postal Service mail (mail fraud) and e-mail (wire fraud) to attempt to extort Special Assessment monies from Plaintiff and other homeowners." Id. In addition, Plaintiff states that "Defendants used the interstate wires to obtain plaintiff's property by means of false or fraudulent pretenses, representations or promise[s]." Id.

In this case, the Court finds that Plaintiff has failed to satisfy Rule 9(b)'s particularity requirement in relation to her RICO claims. Plaintiff states that the defendants used "false or fraudulent pretenses, representations or promises" to obtain her property. However, Plaintiff does not identify the alleged fraudulent representations with any specificity. In particular, she

6

does not identify the time, place, or specific content of the alleged false representation or the parties to the false representation. As a result, the fraud allegations of Plaintiff's RICO claims are not pled with particularity as required by Rule 9(b). However, Plaintiff's failure to satisfy Rule 9(b) does not entitle Burger and EBMC to an automatic dismissal of the claim. In such a circumstance, the Ninth Circuit has stated that "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing, 806 F.2d at 1401. After reviewing the facts stated in the Complaint, this Court finds that it cannot conclude that the allegations of other facts could not possibly cure the deficiencies in Plaintiff's Complaint. As a result, Plaintiff's RICO claims are dismissed but Plaintiff's request for leave to amend her Complaint to satisfy Rule 9(b) is granted.

**III. Motion to Strike**

Burger and EBMC have also filed a motion to strike certain allegations in Plaintiff's Complaint pursuant to Rule 12(f). Specifically, Burger and EBMC seek to have a sentence related to the alleged indictment of Burger stricken from Plaintiff's pleadings. The sentence provides that Burger "was previously indicted for theft from a program receiving federal funds, aiding and abetting, money-laundering, violating the Anti-Kickback act of 1986, and obstruction of justice." (Complaint (#1) case 5:07-cv-5861 at 2, 14, 17, 18, 20, and 21). According to Burger and EBMC, "[t]he dismissed indictment will have no possible bearing on the subject matter of the litigation, and is irrelevant." (Motion to Dismiss (#78) at 10). Moreover, they assert that such recitation is scandalous, derogatory, and designed to "besmirch" Burger. Id. Plaintiff does not address the motion to strike in her Opposition except to argue that she has stated a RICO claim because Burger was "previously indicted for, among other things, theft and kickbacks." (Opposition (#79) at 8).

Under Rule 12(f) a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Redundant matter' is that which 'consists of allegations that constitute a needless repetition of other averments.'" Germaine Music v. Universal Songs of Polygram, 275 F.Supp.2d 1288, 1299

(D.Nev. 2003)(quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 704 (2d ed. 1990)). "Matter which is 'immaterial' is 'that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Id. Impertinent matter consists of statements that do not pertain, and are not necessary to the issues in question. Id. Scandalous matter "improperly casts a derogatory light on someone, most typically on a party to the action." Id.

In this case, the Court finds that the matter referred to in Plaintiff's Complaint relating to Burger's prior indictment should be stricken. The fact that Burger was previously indicted "for theft from a program receiving federal funds, aiding and abetting, money-laundering, violating the Anti-Kickback Act of 1986, and obstruction of justice," is both immaterial and impertinent to the facts at issue in this case. In this regard, Burger's previous indictment, which was later dismissed, does not involve matters related to the assessment which Plaintiff considers to have been illegally imposed on her condominium. Moreover, Plaintiff has not shown any connection between the 2006 assessment and Burger's 2000 indictment. Therefore, Burger and EBMC are entitled to an order striking such matter from Plaintiff's pleading.

**IV.   Exhaustion of Remedies**

Burger and EBMC also move to dismiss the allegations against them in Plaintiff's Complaint because Plaintiff failed to exhaust her remedies under Nevada law. (Motion to Dismiss (#78) at 7). In this regard, Burger and EBMC claim that Nevada law requires that "all claims involving the interpretation, application or enforcement of the CC&Rs must first proceed to mediation and/or arbitration before any civil lawsuit may be commenced in any court." Id. Because Plaintiff allegedly failed this requirement, Burger and EBMC argue that the claims should be dismissed.

In response, Plaintiff states that "[t]o force Plaintiff to go through state arbitration proceedings represents a clear abuse of justice" because of an alleged conflict of interest with

the Real Estate Division of the Department of Business and Industry.[2] (Opposition (#79) at19). In addition, Plaintiff states that Burger and EBMC "provide no citation of the CC&Rs that 'require' arbitration or mediation," and "Plaintiff is unaware of any such requirement." Id.

NRS 38.310 provides that no civil action based upon a claim relating to the "interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property," or "[t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this state unless the action has been submitted to mediation or arbitration." NRS 38.310(1). That statute further provides that "[a] court shall dismiss any civil action which is commenced in violation of the provision" requiring mediation or arbitration. NRS 38.310(2). In interpreting NRS 38.310, the Nevada Supreme Court has held that "[u]nder that statute, the district court must dismiss any dispute arising from the interpretation, application, or enforcement of homeowners' associations' covenants, conditions, and restrictions (CC&Rs) if the parties did not first submit the dispute to mediation or arbitration." Hamm v. Arrowcreek Homeowners' Ass'n, 183 P.3d 895, 898, 124 Nev. 28 (Nev. 2008). In Hamm, the Nevada Supreme Court strictly applied the requirements of NRS 38.310 and stated that "NRS 38.310 expresses Nevada's public policy favoring arbitration of disputes involving the interpretation and enforcement of CC&Rs." Id. at 902.

A plaintiff is generally required to exhaust all administrative remedies before a court will assume jurisdiction. Western Radio Services Co., Inc. v. Espy, 79 F.3d 896, 899 (9th Cir. 1996); see also Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 716 (9th Cir. 1990)(stating that the failure to exhaust state administrative remedies "means that no court would have had jurisdiction" to decide the claim). With regard to rights arising under state law, federal courts look to the intent of the legislature as evidenced by the text and structure of a particular state statute in deciding whether exhaustion of administrative remedies is a jurisdictional prerequisite. Jones v. Grinnell Corp., 235 F.3d 972, 974 (5th Cir. 2001)(holding

---

[2] According to Plaintiff, EBMC's Senior Vice President Karen Brigg "was allegedly on the State of Nevada Department of Real Estate Commission at the time Plaintiff's home was going through illegal foreclosure." (Opposition (#79) at 19).

9

that the district court did not have subject matter jurisdiction over a state law claim because the litigant had not exhausted all state administrative remedies).

In this matter, this Court must dismiss Plaintiff's state law claims because they arise from the "interpretation, application, or enforcement of homeowners' associations' covenants, conditions and restrictions." See Hamm, 124 Nev. at 28, 183 P.3d at 898. Nevada law is clear that in order to bring an action based on the CC&Rs of a homeowners' association, the aggrieved person must exhaust the administrative remedies provided by law - in this case, submission to mediation or arbitration under NRS 38.310.

Thus, Plaintiff's state law claims are dismissed pursuant to the mandate of NRS 38.310(2).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants Eugene Burger Management Corporation and Eugene Burger's Motion to Dismiss (#78) is GRANTED in part and DENIED in part.

Eugene Burger's motion to dismiss for insufficiency of service of process is GRANTED in part. Plaintiff's attempted service of process on Eugene Burger is quashed and Plaintiff is required to effect service on Eugene Burger in compliance with the governing rules of civil procedure.

Defendants' motion to dismiss Plaintiff's RICO claim for failing to properly plead a cause of action under that statute is DENIED.

Defendants' motion to dismiss Plaintiff's RICO claims for failure to satisfy Rule 9(b) is GRANTED.

Plaintiff's request for leave to amend her Complaint to satisfy Rule 9(b) is GRANTED.

Defendants' motion to strike is GRANTED.

Defendants' motion to dismiss Plaintiff's state law claims for failure to exhaust administrative remedies is GRANTED.

Dated this 26th day of January, 2009.

_____
United States District Judge