**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHERYL MOULTON, individually and on behalf of all others similarly situated, | 3:08-cv-00176-BES-VPC |
| Plaintiffs, | **ORDER** |
| v. | |
| EUGENE BURGER MANAGEMENT CORPORATION, a California Corporation; EUGENE J. BURGER; KEVIN BERG; KAREN BRIGG; PHIL FRINK & ASSOCIATES, INC.; PHILLIP E. FRINK; GAYLE A. KERN, LTD; GAYLE A. KERN; ULLA CHRISTENSEN, both as individual and Lakeside Plaza Board Director; DANIEL JOSEPH, both as individual and Lakeside Plaza Board Director; FRANK A. PERAU, both as individual and Lakeside Plaza Board Director; RICH SVIHLA, both as individual and Lakeside Plaza Board Director; LAKESIDE PLAZA CONDOMINIUM ASSOCIATION; and DOES 1-500, | |
| Defendants. | |

Currently before the Court is a Renewed Motion to Dismiss and Joinder in Motion to Dismiss(#91)("Renewed Motion to Dismiss") filed by Defendants Gayle A. Kern and Gayle A. Kern, Ltd. (collectively referred to herein as the "Kern Defendants") on June 5, 2008. Plaintiff Sheryl Moulton ("Plaintiff") filed a Renewed Opposition to Defendants' Motion to Dismiss and Joinders in Motion to Dismiss (#94) on June 18, 2008. The Kern Defendants filed a Reply to Plaintiff's Renewed Opposition (#96) on July 2, 2008.

**BACKGROUND**

This case involves claims brought by Plaintiff based on an alleged "illegal"

assessment imposed at the Lakeside Plaza Condominium Complex. (Complaint (#1) case 5:07-cv-5861 at 5). According to Plaintiff, "[t]his action relates only to the Special Assessment and to those violations specific to the Special Assessment." Id. As a result of the alleged illegal assessment, Plaintiff filed suit in federal court against various defendants including the Kern Defendants.[1] According to Plaintiff she brought the case "to compel Defendants to comply with the CC&Rs, and submit the Special Assessment to a homeowner vote." Id.

The Kern Defendants filed a Renewed Motion to Dismiss (#91) based on "the grounds stated in the motion to dismiss filed on behalf of the Kern Defendants in the U.S. District Court of the Northern District of California on December 26, 2007 (Doc. #19)."[2] (Renewed Motion to Dismiss (#91) at 1). Specifically, the Kern Defendants "renew their motion to dismiss on the grounds of insufficiency of service and lack of subject matter jurisdiction." Id. The Kern Defendants also join in the Motion to Dismiss filed by Defendant Eugene Burger Management Corporation ("EBMC")(#78).

## ANALYSIS

**I.   Motion to Quash Service of Process**

In their initial motion to dismiss, the Kern Defendants sought an order quashing service of process and dismissing the case for insufficiency of service of process. (Motion to Quash Service of Process and to Dismiss for Insufficiency of Service; Lack of Personal Jurisdiction; and Improper Venue; Joinder in Motion to Dismiss of Defendants Christensen, Grady, Joseph, Perau and Svihla (#19) case 5:07-cv-05861("Motion to Quash")). According to the Kern Defendants, Plaintiff failed to effectuate proper service of process because "[o]n December 6, 2007, a copy of the summons and complaint were dropped off in Kern's office. The summons and complaint were not personally served on Kern nor was any proper substitute service employed." (Motion to Quash (#19) at 3). As a result, the Kern Defendants allege that

---

[1] Gayle Kern is the attorney for the Lakeside Plaza Condominium Association and its board of directors. (Complaint (#1) at 3).

[2] As the parties are aware, this case was initially filed in the United States District Court for the Northern District of California San Jose Division as case number 5:07-cv-5861. It was transferred to the District of Nevada on March 14, 2008. (Order (#77)).

Plaintiff failed to comply with Rule 4 of the Federal Rules of Civil Procedure and that such attempted service must therefore "be quashed." Id. at 4.

In response, Plaintiff claims that she properly effected service of process on the Kern Defendants because "Gayle Kern is the registered agent for Lakeside Plaza Condominium Association, Phil Frink & Associates, and Gayle Kern, Ltd., as filed with the Nevada Secretary of State." (Plaintiff's Opposition to Defendants Gayle A. Kern's and Gayle A. Kern, LTD.'s Motion to Quash Service of Process (#42) case 5:07-cv-05861). Thus, Plaintiff states that leaving a copy of the summons and complaint at "Gayle Kern's law office" with a "person of legal age" constituted proper service of process under Nevada law.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly." Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Federal Rule of Civil Procedure 4 governs service of process in a federal action. According to that rule, an individual may be served by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In addition, an individual may be served by "delivering a copy of the summons and complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

Service was attempted on the Kern Defendants in Nevada. As a result, Plaintiff could effectuate proper service of process by following either Nevada law or the requirements of Rule 4. Service of process in Nevada is governed by Nevada Rule of Civil Procedure 4(e). That statute provides for service on both a Nevada corporation and an individual. Under NRCP 4(e)(1), service may be effected on a Nevada corporation by delivering a copy of the summons and complaint "to the president or other head of the corporation, secretary, cashier, managing agent, or resident agent thereof." As a result, NRS 14.020 requires that every corporation "appoint and keep in this State a registered agent who resides or is located in this

State, upon whom all legal process" may be served. NRS 14.020(1). Moreover, "[a]ll legal process . . . may be served upon the registered agent personally or by leaving a true copy thereof with a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State." NRS 14.020(2). Finally, "the street address of the registered agent of a corporation . . . must be staffed during normal business hours" by either the registered agent or a person of "suitable age and discretion to receive service of legal process." NRS 14.020(3).

NRCP 4(e)(6) governs service of process on an individual. That provision states that service can be effectuated by "leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivery a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process."

In this matter, the Court finds that service of process on Gayle A. Kern, Ltd. was proper. The Kern Defendants concede that a copy of the summons and complaint was delivered to Kern's law office. (Motion to Quash (#19) case 5:07-cv-05861 at 3). Moreover, the Kern Defendants do not dispute that Gayle A. Kern is the listed registered agent for Gayle A. Kern Ltd. (Plaintiff's Opposition to Defendant Gayle A. Kern's and Gayle A. Kern, Ltd.'s Motion to Quash Service of Process (#42) case 5:07-cv-05861 at 4). As such, Plaintiff complied with the requirements for serving a domestic corporation under Nevada law by delivering a copy of the summons and complaint to the street address of the registered agent for Gayle A. Kern, Ltd.

Although service of process on Gayle A. Kern, Ltd. was proper, the Court finds that Plaintiff's attempted service on Gayle A. Kern, in her individual status, was improper and must be quashed. As noted in the foregoing, under Nevada law, to serve an individual, a copy of the summons and complaint must be left at the "defendant's dwelling house or usual place of abode with some person of suitable age and discretion residing therein." Nev. R. Civ. P. 4(e)(6). In this case, Plaintiff delivered a copy of the summons and complaint to the office of

4

Gayle A. Kern, Ltd. By failing to serve Gayle A. Kern either personally or by leaving a copy of the summons and complaint at her dwelling house or usual place of abode, Plaintiff failed to comply with Nevada law.[3]  As a result, service upon Gayle A. Kern is quashed.

## II.  Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). The Court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The Court must also construe the allegations of the complaint in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000).  The Court may only grant a motion to dismiss under Rule 12(b)(6) if it is certain that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

Although a court's review on a 12(b)(6) motion to dismiss is generally "limited to the contents of the complaint," the court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the motion into a motion for summary judgment. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

The Kern Defendants assert that the claims asserted against them should be dismissed for lack of subject matter jurisdiction. (Renewed Motion to Dismiss (#91) at 2). Specifically, the Kern Defendants join in the motion to dismiss filed by defendants Ulla Christensen, Michael Grady, Daniel Joseph, Frank Perau, and Rich Svihla (collectively referred to herein as the "Board Members") filed in the case pending before the Northern District of California.

---

[3] Moreover, it should be noted that Nevada law expressly provides that actual notice of a suit is not an effective substitute for service of process. See Abreu v. Gilmer, 115 Nev. 308, 314, 985 P.2d 746, 750 (Nev. 1999).

5

(Motion to Quash (#19) case 5:07-cv-05861). According to the Board Member's Motion to Dismiss, this case is governed solely by Nevada law. (Defendants' Ulla Christensen, Michael Grady, Daniel Joseph, Frank Perau, and Rich Svihla Motion to Dismiss (#12) case 5:07-cv-05861 at 2). The Board Members claim that the case "is an unlawful attempt by Moulton to have this Court review whether or not a special reserve assessment is appropriate." Id. In addition, the Board Members argue that the federal court lacks subject matter jurisdiction over Plaintiff's Fair Debt Collection Practices Act because that act does not apply to creditors or any officer or employee of a creditor. Id. at 7.

In response, Plaintiff asserts that the Kern Defendants, as Lakeside Plaza Condominium Association's lawyers, are not exempt from the Fair Debt Collection Practices Act. Plaintiff states that the Kern Defendants are "debt collectors" pursuant to that act, and "therefore, jurisdiction is proper." (Plaintiff's Opposition to Defendants Gayle A. Kern's And Gayle A. Kern, Ltd.'s Motion to Quash Service of Process (#42) case 5:07-cv-05861 at 13).

### A.   Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act ("FDCPA") is a federal statute providing consumer protection against abuses by third party debt collectors or other specified entities. 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions. 15 U.S.C. § 1692k. It establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. 1692.

The FDCPA regulates "debt collectors." 15 U.S.C. § 1692a. According to the statute, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The definition further provides that "the term includes any creditor, who, in the process of collecting his own debts, uses any name other than his own which would indicate a third person is collecting or attempting to collect such debts." Id. Thus, "[i]n order to assert direct liability under FDCPA, a plaintiff must show that the defendant's actions or status rendered it a 'debt collector' for purposes of the Act." Fleeger

v. Bell, 95 F.Supp.2d 1126, 1130 (D.Nev. 2000).

"As originally enacted in 1977, the FDCPA specifically excluded from the definition of 'debt collector' 'any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client.'" Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1512 (9th Cir. 1994)(citing 15 U.S.C. § 1692a(6)(F)(repealed in 1986)). "In 1986, however, concerned that 'attorneys have increasingly entered the debt collection business and used the exemption to evade compliance with the Act,' Congress deleted the attorney provision." Id. As a result, "the attorney exemption is no longer a part of the statute" and "[t]here is simply no mention of attorneys in the current definition of 'debt collector' or its exceptions." Id. Following the deletion of the attorney exemption, the United States Supreme Court expressly held that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity." Heintz v. Jenkins, 514 U.S. 291, 299 (1995) see also Fox, 15 F.3d at 1513 (stating that the legislative history makes "it clear that Congress intended purely legal activities of attorneys who fall within the definition of 'debt collector' to be subject to the FDCPA").

Here, Plaintiff has asserted in her Complaint that the Kern Defendants were "debt collectors" under 15 U.S.C. § 1692a. In addition, Plaintiff has asserted various violations of the FDCPA against all of the defendants in the case - including the Kern Defendants. As a result, accepting as true all material allegations of the Complaint and construing such allegations in the light most favorable to the non-moving party, Plaintiff has stated a claim for relief under FDCPA against the Kern Defendants.

**B.    Racketeering Influenced and Corrupt Organization Act**

The Kern Defendants have also joined in the motion filed on behalf of Defendants Eugene Burger Management Corporation ("EBMC") and Eugene Burger (collectively referred to herein as the "Burger Defendants"). (Renewed Motion to Dismiss (#91)). In the Burger Defendants' motion, the Burger Defendants sought dismissal of Plaintiff's Racketeering Influenced and Corrupt Organization Act ("RICO") claims because Plaintiff had allegedly failed to properly plead a claim under that statute. See Motion to Dismiss filed by Eugene Burger Management Corporation and Eugene Burger (#78). Specifically, the Burger Defendants

alleged that Plaintiff failed to adequately plead her RICO fraud claims as required by Rule 9 of the Federal Rules of Civil Procedure.

The Ninth Circuit held that the heightened pleading standards applicable to fraud claims under Rule 9(b) applies to a RICO action alleging predicate acts of fraud. Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991). Rule 9(b) requires that the circumstances constituting fraud be stated with particularity. Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1399 (9th Cir. 1986)(internal quotations omitted). "Rule 9(b) 'requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Id. (quoting Bosse v. Crowell Collier & MacMillian, 565 F.2d 602, 611 (9th Cir. 1977)). According to the Ninth Circuit, pursuant to Rule 9(b) "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation". Id.

Plaintiff's Complaint lists three claims for relief based on RICO against the Kern Defendants. (Complaint (#1) at 20-21). In one claim, Plaintiff asserts that the "Defendants used United States Postal Service mail (mail fraud) and e-mail (wire fraud) to attempt to extort Special Assessment monies from Plaintiff and other homeowners." (Complaint (#1) at 20). Plaintiff further asserts that Gayle A. Kern, Ltd. is an enterprise engaged in interstate commerce, and that Gayle A. Kern is a person within the meaning of RICO. Id. at 21. Finally, Plaintiff asserts that "Defendants forms an association-in-fact to defraud Plaintiff," and "Defendants used the interstate wires to obtain plaintiff's property by means of false or fraudulent pretenses." Id.

In the Court's Order (#111) on the Burger Defendants' Motion to Dismiss (#78), this Court held that Plaintiff failed to satisfy Rule 9(b)'s particularity requirement in relation to her RICO claims. Similar to the claims alleged against the Burger Defendants, Plaintiff has also failed to satisfy Rule 9(b) in her RICO claims against the Kern Defendants. Because Plaintiff has failed to satisfy the pleading requirements of Rule 9(b), Plaintiff's RICO claims against the Kern Defendants are dismissed. However, Plaintiff's request for leave to amend her Complaint to satisfy Rule 9(b) is granted.

8

### C. Exhaustion of State Remedies

The Burger Defendants' Motion to Dismiss (#78) also included a motion to dismiss the state law claims asserted in Plaintiff's Complaint for failing to exhaust administrative remedies. Specifically, the requirement under Nevada law that no civil action based upon a claim relating to the "interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property," or "[t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this state unless the action has been submitted to mediation or arbitration." NRS 38.310(1). Nevada law further provides that "[a] court shall dismiss any civil action which is commenced in violation of the provision" requiring mediation or arbitration. NRS 38.310(2).

Because the Kern Defendants have joined in the Burger Defendants' Motion to Dismiss (#78) on this claim, the Kern Defendants are also entitled to an order dismissing Plaintiff's state law claims pursuant to the mandate of NRS 38.310(2).

### CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Kern Defendants' Renewed Motion to Dismiss and Joinder in Motion to Dismiss (#91) is GRANTED in part and DENIED in part.

The motion to quash service of process is DENIED as to Gayle A. Kern, Ltd.

The motion to quash service of process is GRANTED as to Gayle A. Kern.

The Kern Defendants' motion to dismiss Plaintiff's Fair Debt Collections Practices Act claim is DENIED.

The Kern Defendants' motion to dismiss Plaintiff's RICO claims for failing to satisfy Rule 9(b) is GRANTED.

Plaintiff's request for leave to amend her Complaint to satisfy Rule 9(b) is GRANTED.

The Kern Defendants motion to dismiss Plaintiff's state law claims is GRANTED.

Dated this 26th day of January, 2009.

_____
United States District Judge