FILED ✓        RECEIVED
ENTERED        SERVED ON
COUNSEL/PARTIES OF RECORD

JUL - 9 2009

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8   SHERYL MOULTON, individually and on        )        3:08-cv-00176-BES-VPC
    behalf of all others similarly situated,   )
9                                               )
                    Plaintiffs,                 )        **ORDER**
10                                              )
          v.                                    )
11                                              )
    EUGENE BURGER MANAGEMENT                     )
12  CORPORATION, a California Corporation;       )
    EUGENE J. BURGER; KEVIN BERG;               )
13  KAREN BRIGG; PHIL FRINK &                   )
    ASSOCIATES, INC.; PHILLIP E. FRINK;        )
14  GAYLE A. KERN, LTD; GAYLE A. KERN;          )
    ULLA CHRISTENSEN, both as individual       )
15  and Lakeside Plaza Board Director; DANIEL  )
    JOSEPH, both as individual and Lakeside    )
16  Plaza Board Director; FRANK A. PERAU,       )
    both as individual and Lakeside Plaza Board )
17  Director; RICH SVIHLA, both as individual   )
    and Lakeside Plaza Board Director;          )
18  LAKESIDE PLAZA CONDOMINIUM                  )
    ASSOCIATION; and DOES 1-500,                )
19                                              )
                    Defendants.                 )
20  _____ )

21        Currently before the Court is Defendant Kevin Berg's ("Berg") Motion to Dismiss

22  Plaintiff's Complaint (#114) filed on January 28, 2009. Plaintiff Sheryl Moulton ("Plaintiff") did

23  not file a response. On April 10, 2009, the Court entered an Order (#117) giving Plaintiff until

24  Monday, April 20, 2009, to file a response to Berg's motion. In its Order, the Court noted that

25  Plaintiff's failure to comply may result in dismissal of the action with prejudice. Plaintiff did not

26  file a response by the designated date and no response has been filed to date.

27                              **BACKGROUND**

28        This case involves several claims brought by Plaintiff based on an alleged "illegal"

    assessment imposed at the Lakeside Plaza Condominium Complex. (Complaint (#1) case

1   5:07-cv-5861 at 5). As a result of the alleged illegal assessment, Plaintiff filed suit in

2   federal court against various defendants including Berg.[1]  According to Plaintiff she brought

3   the case "to compel Defendants to comply with the CC&Rs, and submit the Special

4   Assessment to a homeowner vote." Id.

## ANALYSIS

6       Berg filed a Motion to Dismiss (#114) on January 28, 2009. As noted, Moulton did not

7   file any response.

8       Local Rule 7-2 provides that the "failure of an opposing party to file points and

9   authorities in response to any motion shall constitute a consent to the granting of the motion."

10   LR 7-2. The "[f]ailure to follow a district court's local rules is a proper grounds for dismissal."

11   Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing a case for failing to follow

12   local rules, the district court must weigh five factors: "(1) the public's interest in expeditious

13   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

14   defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the

15   availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.

16   1986). In this matter, the balance of factors weigh in favor of dismissal because Berg has filed

17   a meritorious motion to dismiss on the claims asserted against him.

18       The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency

19   of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule

20   12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory or

21   the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica

22   Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The Court must accept as true all material

23   allegations in the complaint as well as all reasonable inferences that may be drawn from such

24   allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The Court must also

25   construe the allegations of the complaint in the light most favorable to the nonmoving party.

26   Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). The Court may only grant a

27   motion to dismiss under Rule 12(b)(6) if it is certain that the plaintiff will not be entitled to relief

28

---

[1] According to Plaintiff's Complaint (#1). Berg was a property manager for Eugene Burger Management Corporation at the Lakeside Plaza Condominium Association.

1  under any set of facts that could be proven under the allegations of the complaint. <u>Cahill v.</u>

2  <u>Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 338 (9th Cir. 1996).

3  Although a court's review on a 12(b)(6) motion to dismiss is generally "limited to the

4  contents of the complaint," the court may also consider documents attached to the complaint,

5  documents incorporated by reference in the complaint, or matters of judicial notice without

6  converting the motion into a motion for summary judgment. <u>See</u> <u>Durning v. First Boston Corp.</u>,

7  815 F.2d 1265, 1267 (9th Cir. 1987).

8  Berg filed a motion to dismiss on the basis that Plaintiff's Complaint failed to state a

9  claim upon which relief can be granted.  Specifically, Berg alleges that Plaintiff failed to

10  properly plead her federal causes of action, and that she failed to exhaust administrative

11  remedies as to her state law claims.[2]

12  **A.    Racketeering Influenced and Corrupt Organization Act**

13  Berg seeks dismissal of Plaintiff's Racketeer Influenced and Corrupt Organizations Act

14  ("RICO") claims on the basis that Plaintiff has failed to properly plead a claim under that

15  statute. Specifically, Berg states that Plaintiff cannot allege a RICO claim because she "has

16  brought the instant civil litigation based on civil causes of action, and then has included the

17  criminal racketeering claim as part of this civil matter." (Motion to Dismiss Plaintiff's Complaint

18  (#114) at 10). According to Berg, "Title 18 of the United States Code involves crimes and

19  criminal procedure, not civil causes of action." <u>Id.</u> In the alternative, Berg states that Plaintiff's

20  RICO claim should be dismissed because she failed to plead with specificity each and every

21  element of her RICO claim as required by Rule 9(b). <u>Id.</u>

22  18 U.S.C. § 1964(c) provides for civil RICO claims. According to that provision, "[a]ny

23  person injured in his business or property by reason of violation of section 1962 of this chapter

24  may sue therefor in any appropriate United States district court and shall recover threefold the

25  damages he sustains and the cost of the suit." As a result, Berg's argument that Plaintiff

26
27
28
---
[2]  Berg also argued that this Court lacked jurisdiction over this case because the amount in controversy was less than $75,000.  (Motion to Dismiss (#114) at 5.  However, the amount in controversy requirement only applies to cases brought in federal court based on diversity of citizenship. <u>See</u> 28 U.S.C. § 1332. Plaintiff, on the other hand, invoked federal question jurisdiction pursuant to 28 U.S.C. § 1331. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

1   cannot bring a civil RICO claim is without merit.[3]  Plaintiff is entitled to bring a civil RICO claim

2   pursuant to 18 U.S.C. § 1964(c) for violations of any prohibited activities listed in 18 U.S.C. §

3   1962.  However, although Plaintiff may bring a civil RICO claim, she must properly plead such

4   a cause of action in her complaint.

5        The Ninth Circuit has recognized that the heightened pleading standards applicable to

6   fraud claims under Rule 9(b) apply to a RICO action alleging predicate acts of fraud.

7   Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991). Rule

8   9(b) requires that the circumstances constituting fraud be stated with particularity.  Schreiber

9   Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1399 (9th Cir. 1986)(internal

10  quotations omitted).  "Rule 9(b) 'requires the identification of the circumstances constituting

11  fraud so that the defendant can prepare an adequate answer from the allegations.'"  Id.

12  (quoting Bosse v. Crowell Collier & MacMillian, 565 F.2d 602, 611 (9th Cir. 1977)).  According

13  to the Ninth Circuit, pursuant to Rule 9(b) "the pleader must state the time, place, and specific

14  content of the false representations as well as the identities of the parties to the

15  misrepresentation."  Id.

16       Plaintiff's Complaint lists three claims for relief based on RICO.  (Complaint (#1) case

17  5:07-cv-5861 at 20-21).  Although the allegations of her RICO claims state that Berg was a

18  "person" within the meaning of RICO, Plaintiff does not assert any specific RICO allegations

19  against Berg.  Rather, Plaintiff asserts that "Defendants used United States Postal Service

20  mail (mail fraud) and e-mail (wire fraud) to attempt to extort Special Assessment monies from

21  Plaintiff and other homeowners."  Id.  In addition, Plaintiff states that "Defendants used the

22  interstate wires to obtain plaintiff's property by means of false or fraudulent pretenses,

23  representations or promise[s]."  Id.

24       In this case, the Court finds that Plaintiff has failed to satisfy Rule 9(b)'s particularity

25  requirement in relation to her RICO claims.  Plaintiff states that the defendants used "false or

26  fraudulent pretenses, representations or promises" to obtain her property.  However, Plaintiff

27  does not identify the alleged fraudulent representations with any specificity.  In particular, she

28

---

[3]  This argument was addressed and determined by the Court in Order (#111) filed on January 26, 2009.

4

does not identify the time, place, or specific content of the alleged false representation or the parties to the false representation.  As a result, the fraud allegations of Plaintiff's RICO claims are not pled with particularity as required by Rule 9(b).  Because these claims have not been particularly plead, dismissal is appropriate on this claim in light of Plaintiff's failure to respond to Berg's motion to dismiss.

**B.   Fair Debt Collection Practices Act**

The Fair Debt Collection Practices Act ("FDCPA") is a federal statute providing consumer protection against abuses by third party debt collectors or other specified entities. 15 U.S.C. § 1692 et seq.  The FDCPA imposes civil liability on any person or entity that violates its provisions.  15 U.S.C. § 1692k.  It establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. 1692.

Here, Plaintiff asserts that her cause of action for violation of the FDCPA is against all defendants.  However, Plaintiff does not identify Berg in any allegations of this claim.  Rather, Plaintiff identifies only four of the named defendants in this allegation.  Moreover, Plaintiff does not allege that Berg is a "third party debt collector" as required by the statute.  As a result, Plaintiff has failed to state a claim for relief under the FDCPA against Berg because the claim lacks sufficient facts to establish a cognizable legal theory.  Because Plaintiff has failed to state a claim against Berg, the claim should be dismissed.

**C.   Exhaustion of State Remedies**

Berg's Motion to Dismiss (#114) also includes a motion to dismiss the state law claims asserted in Plaintiff's Complaint for failing to exhaust administrative remedies.

NRS 38.310 provides that no civil action based upon a claim relating to the "interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property," or "[t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this state unless the action has been submitted to mediation or arbitration."  NRS 38.310(1). That statute further provides that "[a] court shall dismiss any civil action which is commenced in violation of the provision" requiring mediation or arbitration.  NRS 38.310(2).  In interpreting NRS 38.310, the Nevada Supreme Court has held that "[u]nder that statute, the district court

1    must dismiss any dispute arising from the interpretation, application, or enforcement of

2    homeowners' associations' covenants, conditions, and restrictions (CC&Rs) if the parties did

3    not first submit the dispute to mediation or arbitration." Hamm v. Arrowcreek Homeowners'

4    Ass'n, 183 P.3d 895, 898, 124 Nev. 28 (Nev. 2008).  In Hamm, the Nevada Supreme Court

5    strictly applied the requirements of NRS 38.310 and stated that "NRS 38.310 expresses

6    Nevada's public policy favoring arbitration of disputes involving the interpretation and

7    enforcement of CC&Rs." Id. at 902.

8         A plaintiff is generally required to exhaust all administrative remedies before a court will

9    assume jurisdiction.  W. Radio Serv. Co., Inc. v. Espy, 79 F.3d 896, 899 (9th Cir. 1996);see

10   also Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 716 (9th Cir. 1990)(stating that

11   the failure to exhaust state administrative remedies "means that no court would have had

12   jurisdiction" to decide the claim).  With regard to rights arising under state law, federal courts

13   look to the intent of the legislature as evidenced by the text and structure of a particular state

14   statute in deciding whether exhaustion of administrative remedies is a jurisdictional

15   prerequisite. Jones v. Grinnell Corp., 235 F.3d 972, 974 (5th Cir. 2001)(holding that the district

16   court did not have subject matter jurisdiction over a state law claim because the litigant had

17   not exhausted all state administrative remedies).

18        In this matter, the Court must dismiss Plaintiff's state law claims because they arise

19   from the "interpretation, application, or enforcement of homeowners' associations' covenants,

20   conditions and restrictions." See Hamm, 124 Nev. at 28, 183 P.3d at 898.  Nevada law is clear

21   that in order to bring an action based on the CC&Rs of a homeowners' association, the

22   aggrieved person must exhaust the administrative remedies provided by law - in this case,

23   submission to mediation or arbitration under NRS 38.310.  Thus, Plaintiff's state law claims

24   are dismissed pursuant to the mandate of NRS 38.310(2).

25        Based on the foregoing, the five factors the district court must weigh before dismissing

26   a case for failing to follow the local rules weigh in favor of dismissal.  Because Berg has filed

27   a meritorious motion to dismiss, dismissal in this instance favors the public's interest in the

28   expeditious resolution of litigation, avoids a risk of prejudice to the defendants, and promotes

     the public policy favoring disposition of cases on their merits.  In addition, because the motion

1  to dismiss has merit, there is no less drastic sanction available because Plaintiff failed to state
2  a claim upon which relief can be granted against Berg.

**CONCLUSION**

4  For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Kevin Berg's
5  Motion to Dismiss Plaintiff's Complaint (#114) is GRANTED.
6  Dated this 9th day of July, 2009.

United States District Judge