✓ FILED ENTERED RECEIVED SERVED ON
COUNSEL/PARTIES OF RECORD
JAN 14 2011
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SHERYL MOULTON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

EUGENE BURGER MANAGEMENT CORPORATION, a California Corporation; EUGENE J. BURGER; KEVIN BERG; KAREN BRIGG; PHIL FRINK & ASSOCIATES, INC.; PHILLIP E. FRINK; GAYLE A. KERN, LTD; GAYLE A. KERN; ULLA CHRISTENSEN, both as individual and Lakeside Plaza Board Director; DANIEL JOSEPH, both as individual and Lakeside Plaza Board Director; FRANK A. PERAU, both as individual and Lakeside Plaza Board Director; RICH SVIHLA, both as individual and Lakeside Plaza Board Director; LAKESIDE PLAZA CONDOMINIUM ASSOCIATION; and DOES 1-500,

Defendants.

3:08-cv-00176-RCJ-VPC

**ORDER**

Currently before the Court is Defendants Lakeside Plaza Condominium Association, Ulla Christensen, Shane Michael Grady, Eugene Burger Management Corporation, Eugene J. Burger, Kevin Berg, Daniel N. Joseph, Frank Perau and Rich Svihla's (collectively referred to herein as "Defendants") Motion to Dismiss Plaintiff's Complaint (#131). For the reasons stated herein, the Court GRANTS the motion.

**BACKGROUND**

This case involves several claims brought by Plaintiff based on an alleged "illegal" assessment imposed at the Lakeside Plaza Condominium Complex. (Complaint (#1) case 5:07-cv-5861 at 5). As a result of the alleged illegal assessment, Plaintiff filed several

lawsuits in federal court against various defendants. According to Plaintiff she brought these cases "to compel Defendants to comply with the CC&Rs, and submit the Special Assessment to a homeowner vote." Id. On January 26, 2009, this Court entered an Order (#111) dismissing Plaintiff's various claims but granting her leave to amend her Complaint to comply with Rule 9(b). Plaintiff did not file an amended complaint. In fact, Plaintiff has failed to prosecute this matter in any way since the Court's Order (#111) was entered.[1]

In the present motion, Defendants request that the Court dismiss this action pursuant to Rule 41(b) for failure to prosecute. Defendants assert that dismissal is appropriate because Plaintiff failed to file an amended complaint as ordered by the Court on January 26, 2009, and because she has not taken any action to prosecute this matter since that time.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In this case, the Court finds that dismissal for failure to prosecute is warranted. Plaintiff has not taken any action in this matter for over two years. In addition, the Court ordered Plaintiff to file an amended complaint on January 26, 2009. To date Plaintiff has failed to file any amended pleading.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint (#131) is GRANTED.

The Clerk of the Court shall enter judgment accordingly.

Dated: January 14, 2011

United States District Judge

[1] Plaintiff did file a "Renewed Opposition" (#133) to the present motion to dismiss, but the opposition involves claims and arguments already dismissed by this Court in previous rulings in 2009. In addition, Plaintiff does not address why she failed to amend her complaint as ordered by the Court or why she has not prosecuted this matter for over two years.